## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | |
|---|---|
| **ANTHONY NGUYEN**, *et al.*,        ) | |
|        ) | |
| **Plaintiffs,**        ) | |
|        ) | |
| v.        ) | **Civil Case No.: GLS-21-1602** |
|        ) | |
| **MGM NATIONAL HARBOR, LLC,**        ) | |
|        ) | |
| **Defendant.**        ) | |

### MEMORANDUM OPINION

Pending before the Court is the "Motion for Summary Judgment," filed by Defendant MGM National Harbor, LLC ("Defendant") (ECF No. 47) ("Defendant's Motion"). The issues have been fully briefed. (ECF Nos. 48, 49, 50).  Upon review of the pleadings and the Joint Appendix, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Defendant's Motion is **GRANTED**.

### I.   BACKGROUND

#### A.  Procedural Background

On April 12, 2021, Plaintiffs Anthony Nguyen and Chaya Nguyen ("Plaintiffs") filed a Complaint in the Circuit Court of Maryland for Prince George's County, alleging negligence in violation of Maryland law. (ECF No. 3).  On June 29, 2021, Defendant filed a Notice of Removal. (ECF No. 1). This Court's jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 1). On August 9, 2021, the parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 19).

Thereafter, on August 9, 2021, Defendant filed a Notice of Intent to file a Motion to Dismiss the Complaint. On September 1, 2021, Plaintiffs filed their response. (ECF Nos. 22, 24).

At the Fed. R. Civ. P. 16 teleconference held on September 16, 2021, the Court: (1) granted Plaintiffs leave to file an Amended Complaint; and (2) set parameters for limited discovery to be conducted on the issue of Defendant's knowledge regarding the assailant on the premises or prior criminal activity on the premises. (ECF Nos. 25, 26).[1] On October 27, 2021, Plaintiffs filed an Amended Complaint complying with the Local Rules.[2] (ECF No. 35).

On February 2, 2022, the parties filed a Joint Status Report following the close of the limited discovery in which Defendant requested to submit a memorandum in support of a Motion for Summary Judgment. Defendant expressed its intent to argue that it did not have actual or constructive notice of a dangerous condition sufficiently far enough in advance to remedy the condition or warn Plaintiffs about the condition. (ECF No. 41, p. 2). On February 28, 2022, the Court granted Defendant leave to file a Motion for Summary Judgment. (ECF No. 42). On April 28, 2022, Defendant filed its Motion, and Plaintiffs filed their Opposition thereto on May 26, 2022. Defendant filed its Reply in support of its Motion on June 6, 2022.

---

[1] The Court listened to the recording of the Rule 16 conference. (ECF No. 28). As set forth more fully in Section III.A., the Court expressly permitted Plaintiffs to seek discovery (including interrogatories, requests for production of documents, depositions, affidavits, or any other discovery) concerning the topic of Defendant's knowledge. (ECF No. 28, 1:53:15-1:53:23, 1:55:00-1:55:30).

[2] On October 13, 2021, Plaintiffs filed their Amended Complaint, but it did not comply with Local Rule 103.6(c) (D. Md. 2021), as it did not contain a redlined version. (ECF No. 29).

### B.  Factual Background[3]

On April 14, 2018,[4] an unidentified assailant entered the premises. (ECF No. 50)("Joint Appendix")[5], J.A. Nguyens v. MGM_000001, 000005). The unknown assailant walked towards the escalators and stepped on the escalator heading downward. (J.A. 000002). The assailant then reached over the guard rail to assault a man named An T. Le, ("Mr. Le") who was going up the other escalator.  (J.A. 000005).

After Mr. Le was assaulted, the assailant continued down the escalator, exited the premises, then returned inside the lobby. He went up a flight of stairs and then assaulted another patron, Nejat Rasson, ("Mr. Rasson") at 12:32 p.m. (J.A. 000002). The assailant then walked toward the ballrooms. At 12:33 p.m., a security officer spoke with Mr. Rasson. (J.A. 000002; "Other Reports," J.A. 000019-000021). At 12:33 p.m., Plaintiffs were assaulted. At 12:35 p.m., the security officer walked toward the ballroom and encountered the assailant. The officer then escorted the assailant off of the premises. The Prince George's County Police arrived shortly thereafter at approximately 12:48 p.m. (J.A. 000001, 000005).

The following facts are in dispute: Defendant contends that the assailant entered the premises at 12:26 p.m., and that the assault of Mr. Le occurred at 12:29 p.m. Defendant relies upon the existence of video with timestamps and an affidavit of its director of security to establish the time. (J.A. 000002. Plaintiffs, in turn, assert that a line in a "Guest Report of Incident" concerning Mr. Le's assault reflects that the "time of incident" was 11:15 a.m., i.e., approximately 1 hour and 18 minutes before Plaintiffs were assaulted. ("Incident Report," J.A. 000017).

---

[3]The Court views the fact in the light most favorable to Plaintiff, the nonmoving party. *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021).

[4] Defendant states the date of the incident as April 14, 2019, but this appears to be a mistake. (J.A. 000002, 000010).

[5] The parties submitted a Joint Appendix (ECF No. 50). Defendant's submissions can be found in this range: Nguyens v MGM_000001 to 000007. Plaintiffs' submissions are found at Nguyens v MGM_000008 to 000021. The Court will refer to the documents as, e.g., J.A. 00001.

## II.   STANDARD OF REVIEW

### A.  Motion for Summary Judgment

Motions for summary judgment shall be granted only if there are no genuine issues as to any material fact, such that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that no genuine factual disputes exist.  Fed. R. Civ. P. 56(a); *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987) (internal citation omitted).  The evidentiary burden can be satisfied through the submission of, e.g., deposition transcripts, answers to interrogatories, admissions, and affidavits. *Celotex Corp.,* 477 U.S. at 323; *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984).

To defeat a motion for summary judgment, on the other hand, the nonmoving party cannot simply cast "metaphysical doubt" on the material facts., Rather, the nonmoving party must provide specific facts demonstrating a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing Fed. R. Civ. P. 56(e)).  The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Black v. Webster*, Civ. No. 20-3644, 2022 WL 169669, at *4 (D. Md. Jan. 18, 2022) (citing *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014)).

The Court must construe the facts and documentary materials submitted by the parties, including the credibility and weight of particular evidence, in the light most favorable to the party opposing the motion.  *Masson v. N.Y. Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson*, 477 U.S. at 255).  A mere scintilla of evidence is insufficient to create an issue of material fact. *See Barwick*, 736 F.2d at 958–59 (citing *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627,

632 (E.D.N.C 1966)).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250

Finally, the Court may only consider "evidence supporting the facts set forth by the parties" at summary judgment if such evidence would be "admissible." *Harvey v. Velasquez Contractor, Inc.*, Civ. No. GLS 19-1573, 2020 WL 5628976, at *3 (D. Md. Sept. 21, 2020) (quoting *Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 349 (D. Md. 2011) (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 56(c)(2); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof in the form of admissible evidence that could carry the burden of proof in his claim at trial."). Hearsay evidence is insufficient to defeat a summary judgment motion. *Hicks v. Ferreyra*, 396 F. Supp. 3d. 564, 579 (D. Md. 2019); *see also DeWitt v. Clean Harbors Envtl. Servs., Inc.*, Civ. No. RDB 16-1705, 2017 WL 3116609, at *6 (D. Md. July 21, 2017) ("conclusory and hearsay evidence does not provide support sufficient to defeat a summary judgment motion").

## III.   DISCUSSION

Defendant argues that it is entitled to summary judgment on Plaintiffs' negligence claim because Plaintiffs have failed to establish that it had a duty to protect Plaintiffs, invitees on Defendant's premises, from harm. Specifically, Defendant advances two primary arguments. First, that Plaintiffs have failed to allege the existence of a dangerous physical condition on the premises, permitting the assault by the unidentified assailant to occur. Second, assuming *arguendo* that the unidentified third-party assailant could be construed as a "dangerous condition," Defendants did not have actual or constructive knowledge of any prior similar assault by the assailant (dangerous condition) sufficiently far enough before the Plaintiffs were assaulted such that Defendant had a

5

duty to remedy the condition or warn Plaintiffs about it. To the extent that Plaintiffs claim that Mr. Le's assault by the assailant occurred one hour and seventeen minutes before Plaintiffs were assaulted, they rely solely on an Incident Report, which would be inadmissible at trial. Thus, because Plaintiffs cannot prove via admissible evidence that Mr. Le's assault occurred at 11:16 a.m., they cannot establish that Defendant had actual or constructive notice of a dangerous condition far enough in advance to impose a duty upon them to warn or correct. (Motion., pp. 7-14; Reply, pp. 1, 4, 6-8).[6]

Plaintiffs appear to counter that Defendant owed a legal duty to prevent the attack on the Plaintiffs because: (1) it had knowledge of a dangerous condition; and (2) it had sufficient notice of the assault on Mr. Le such that Plaintiffs' harm was foreseeable and preventable. In addition, Plaintiffs appear to argue that summary judgment is premature because the parties were only permitted to conduct limited discovery and request to take depositions of Mr. Le, Mr. Taylor, and "other witnesses." (Opposition, pp. 4-7).

The Court will first address Plaintiffs' request for additional discovery.

**A. Plaintiffs' Request for Additional Discovery**

Summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

A party opposing summary judgment "cannot complain" that summary judgment was granted without reasonable discovery unless that party has "made an attempt to oppose the motion

---

[6] In its Motion to Dismiss, Defendant contends that Plaintiffs have not "alleged" a dangerous condition in their Amended Complaint and uses language that could be construed as a Fed. R. Civ. P. 12(b)(6) challenge. (ECF No. 47-1, pp. 7-11). However, the Court considers this argument as one for summary judgment because: (1) Defendant has styled its motion as a whole as one for summary judgment; and (2) to support its argument, Defendant appears to rely on facts from the Taylor Affidavit, an exhibit neither "attached" nor "integral" to the Amended Complaint. (*Id.*, p. 10). *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

on the grounds that more time was needed for discovery." *Staggers v. Becerra*, Civ. No. ELH-21-231, 2021 WL 5989212, at *7 (D. Md. Dec 17, 2021) (citing *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)) (internal quotation marks omitted).

Typically, to adequately raise the issue that discovery is needed to oppose summary judgment, the nonmovant must file an affidavit or declaration pursuant to Rule 56(d), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without the needed discovery. Fed. R. Civ. P. 56(d); *Staggers*, 2021 WL 5989212, at *7. However, if the non-moving party has "adequately informed the [Court] that the motion is premature and that more discovery is necessary," then non-compliance with the affidavit requirement may be excused. *Harrods Ltd.*, 302 F.3d at 244. That being said, a non-moving party "does not qualify for Rule 56(d) protection where [the party] had the opportunity to discover evidence but chose not to." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 484 (4th Cir. 2014) (citing *Harrods*, 302 F.3d at 246); *see also Pisano v. Strach*, 743 F.3d 927, 932 (4th Cir. 2014) (denying request for additional discovery in part where non-moving party was given "ample opportunity" to obtain additional affidavits before summary judgment but chose not to do so); *White v. BFI Waste Servs.*, LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004) (denying request for additional discovery where non-moving party "had not exercised the required level of diligence in obtaining discovery").

In this case, Plaintiffs did not file a Fed. R. Civ. P. 56(d) affidavit identifying the discovery they need to oppose Defendant's Motion. Instead, Plaintiffs included a paragraph in their Opposition stating that they would like to depose "witnesses such as Mr. Taylor, Mr. Le, and other witnesses [whose] incident reports were provided to Plaintiffs in discovery," so that Plaintiffs can gain more information about the assault on Mr. Le and when Defendant's employees were notified.

(Opposition, p. 7). Plaintiffs appear to argue that because they were only permitted to conduct limited discovery, summary judgment is premature at this time. (*Id.*).

The Court has reviewed the record in this case. During the telephone conference held on September 16, 2021, the Court explicitly ruled that Plaintiffs' counsel could obtain discovery related to whether Defendant had prior knowledge of any assaults on the premises, including via interrogatories, requests for production of documents, depositions, affidavits, or any other discovery. (ECF No. 28, 1:55:00-1:55:30).[7]  The Court therefore finds that Plaintiffs had the opportunity to take depositions or prepare affidavits, including related to Mr. Le, yet chose not to do so. Similarly, Plaintiffs did not previously request additional time to conduct discovery. Thus, even if the Court finds Plaintiffs' failure to file a Rule 56(d) affidavit excusable, the Court still denies Plaintiffs' request for discovery at this late juncture, as Plaintiffs failed to seek discovery when given the opportunity to do so.

## B. Negligence

To establish a claim for negligence under Maryland law, a plaintiff must allege facts showing that:

(1) the defendant owes the plaintiff a duty of care;
(2) the defendant breached that duty;
(3) the plaintiff sustained an injury or loss; and
(4) the defendant's breach of the duty was the proximate cause of the plaintiff's injury.

---

[7] The Court initially proposed an exchange of limited discovery on this topic. (ECF No. 28, 1:47:40-1:48:22). Counsel for Plaintiffs requested that he be able to seek "videotape" of any incidents and take depositions, as he did not want to "cut [himself] short before a dispositive motion." (ECF No. 28, 1:48:40-1:49:00, 1:49:20-1:49:25). The Court clarified that when it proposed "limited discovery," it meant "discovery targeted to determine whether or not [Defendant] had [prior knowledge of assaults]," and that Plaintiffs cannot seek to take depositions about all topics, only about knowledge. (ECF No. 28, 1:53:15-1:53:23). At the end of the telephone conference, the Court reiterated, "I will give you [more time] to amend your complaint. That will give you an opportunity to for you to kind of think about what we've discussed here, think about your case. Think about what kinds of requests for interrogatories, or you know, requests for production of documents you need to do, whether you need to depose like one 30(b)(6) witness, or accept an affidavit, or whatever it is. I don't want to, you know, cabin you in[.]" (ECF No. 28, 1:55:00-1:55:30).

*Collington v. Maryland*, Civ. No. GJH 20-966, 2021 WL 3172275, at *12 (D. Md. July 26, 2021) (quoting *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 451 Md. 600, 610, 155 A.3d 445, 451 (2017)).

The Maryland Court of Appeals has explained that a duty is "an obligation . . . to conform to a particular standard of conduct toward another." *Valentine v. On Target, Inc.*, 353 Md. 544, 550, 727 A.2d 947, 950 (1999) (quoting Prosser and Keaton on the Law of Torts, § 30, at 356 (5th ed. 1984)). The existence of a legal duty is a question of law to be decided by the Court. *Corinaldi v. Columbia Courtyard, Inc.*, 162 Md. App. 207, 218, 873 A.2d 483, 489 *cert. granted*, 388 Md. 404, 879 A.2d 1086, *appeal dismissed*, 389 Md. 124, 883 A.2d 914 (2005). However, if the existence of a legal duty "depends on a determination of a dispute of material fact," such a factual finding should be made by the jury. *Id.* (citation omitted).

In a premises liability case, the duty owed by the owner of the property to someone on the property depends on "the latter's legal status on the property at the time of the incident." *Richardson v. Nwadiuko*, 184 Md. App. 481, 489, 966 A.2d 972 (2009). In Maryland, a proprietor "owes a duty to business invitees to keep the premises in a reasonably safe condition and to remove hazards of which he has actual knowledge, or which have continued long enough to charge him with constructive notice of their existence." *Montgomery Ward & Co. v. Hairston*, 196 Md. 595, 597, 78 A.2d 190 (1951).

In addition, in the absence of a statute, contract, or other special relationship, the owner of a premises has no duty to protect a victim from the criminal acts of a third party. *Scott v. Watson* 278 Md. 160, 166, 359 A.2d 548, 552 (1976). However, in *Corinaldi, supra*, the Maryland Court of Special Appeals articulated three circumstances in which a business owner may owe a duty to prevent third-party criminal activity on the premises: (1) where a dangerous condition on the

premises contributed to past similar criminal activity; (2) where the third party's past criminal activity made the harm foreseeable and preventable; and (3) where the events leading up to the criminal activity made the harm foreseeable and preventable. *Corinaldi*, 162 Md. App. at 223, 873 A.2d at 492; *see also DiNardo v. It's My Amphitheater, Inc*., Civ. No. CBD-19-1841, 2022 WL 580866, at *6 (D. Md. Feb. 25, 2022).

Upon review of the record and the arguments made by the parties, the Court finds that Plaintiffs' claim implicates the first and third *Corinaldi* theories related to premises liability.[8]

### 1.   *Knowledge of Prior Criminal Incidents Before April 14, 2018*

Under the first theory, a plaintiff's claim is based on a "duty to eliminate conditions that contribute[] to the criminal activity, such as providing security personnel, lighting, locks and the like." *Corinaldi*, 162 Md. App. at 223, 873 A.2d at 492. To impose a duty under this theory, a plaintiff must establish that the property owner knew or should have known that: (1) multiple prior similar criminal incidents had occurred on the premises; and (2) a dangerous condition on the premises contributed to the criminal activity. *See Troxel v. Iguana Cantina, LLC*, 201 Md. App. 476, 499, 29 A.3d 1038, 1051 (2011) (imposing duty, where twelve reported aggravated assaults on the premises and security guard's sworn statement estimated up to five fights per night on "college nights," put property owner on notice that college night was a dangerous condition contributing to criminal activity).

---

[8] The second *Corinaldi* theory might have been implicated if Plaintiffs alleged that, *e.g.*, the assailant had come into the casino the previous week and assaulted someone. In other words, it relates to criminal activity that occurred well <u>before</u> the events in question. *See Rhaney v. University of Maryland Eastern Shore*, 388 Md. 585, 880 A.2d 357 (Md.2005) (imposing no duty, because fact that student had previously been suspended for fighting well before the incident did not establish foreseeability that he would later assault his roommate); *Tchakounte v. Uber Techs., Inc.*, Civ. No. CCB-20-3028, 2022 WL 326727, at *8 (D. Md. Feb. 3, 2022) (imposing no duty, because assailant's prior conviction of robbery from well before the incident did not establish foreseeability that he would assault his Uber driver).

Construing the evidence in the Plaintiffs' favor, Plaintiffs have not established facts to support imposing a duty under this theory of liability because there is no dispute that: (1) Defendant did not have notice of similar criminal incidents on the premises prior to the events of April 14, 2018; and (2) Defendant did not have notice of any dangerous condition contributing to any criminal activity.  First, Plaintiffs have submitted no evidence of any similar criminal assaults that occurred on the premises before April 14, 2018. Second, Plaintiffs have submitted no evidence of any physical conditions on the premises before April 14, 2018, that could have contributed to criminal activity.[9] *See Winffel v. Westfield Prop. Mgmt., LLC*, Civ. No. LKG-19-838, 2022 WL 1591405, at *7 (D. Md. May 19, 2022) (imposing no duty on mall owner where plaintiff had failed to establish knowledge of prior criminal acts or the presence of any dangerous condition on the property).

In sum, because no reasonable jury could find that Defendant had notice of a dangerous condition before April 14, 2018, that made criminal activity foreseeable, no duty to Plaintiffs arises under this theory.

### 2.   Knowledge of Events Occurring on the Premises on April 14, 2018

Under the third *Corinaldi* theory a property owner's duty is based on its "knowledge of events occurring on the premises, prior to and leading up to the assault, [making] imminent harm foreseeable." 162 Md. App. at 224, 873 A.2d at 492. A plaintiff must establish: (1) that the property owner had sufficient notice of events on the premises making the harm foreseeable; and (2) a time delay between receiving notice and acting to address the harm, such that the harm was preventable.

---

[9] To the extent that Plaintiffs appear to argue that the assailant himself was a dangerous condition creating a duty, this argument is foreclosed by Maryland law. In *Rhaney, supra*, the Maryland Court of Appeals held that a dangerous condition as described by *Hemmings, supra*, and *Scott, supra*, refers to physical conditions, like security measures or exterior lighting. 388 Md. at 599, 880 A.2d at 365. The court held that if it were to find that the student was a dangerous condition, the school could potentially owe a "floating duty" that moved from "room to room." *Id.* at 600, 366 n. 9; *see also Kirchoff v. Abbey*, Civ. No. WMN-10-1532, 2011 WL 4711898, at *6 (D. Md. Oct. 5, 2011) (holding that assailant himself was not a dangerous condition); *Smith*, 148 Md. App. at 350, 811 A.2d at 890 (same).

*Compare Todd v. Mass Transit Admin.*, 373 Md. 149, 168, 816 A.2d 930, 941 (2003) (imposing duty, where bus driver stopped the bus ten minutes after becoming aware that passenger was being assaulted by group of twenty other passengers); *and Corinaldi*, 162 Md. App. at 224, 873 A.2d at 492  (imposing duty, where hotel manager called the police ten minutes after being notified that a party in a hotel room was "out of control" and an attendee had a gun); *with Veytsman v. New York Palace, Inc.*, 170 Md. App. 104, 117, 906 A.2d 1028, 1035 (2006) (imposing no duty, where prior fight in the restaurant bathroom did not give notice of a later assault, and record was absent any evidence of delay).

Construing the evidence in the light most favorable to Plaintiffs, there are no facts to support imposing a duty under this theory of liability. Relying principally upon the Incident Report, Plaintiffs first assert that Defendant had sufficient notice of the assailant because that document reflects that Mr. Le assault occurred at 11:15 a.m. (Opposition, pp. 5-6). In addition, Plaintiffs rely upon the Other Reports to assert that a third person was "potentially assaulted" and security was alerted. (*Id.*). Defendant contends that the statements in the Incident Report and the Other Reports constitute double hearsay. (Reply, pp. 2-3).

As a preliminary matter, in reviewing the evidence before the Court, Plaintiffs have failed to offer any admissible evidence that Defendant had any knowledge of the assailant before 12:33 p.m., despite being given the opportunity to obtain discovery on this issue.  Fed. R. Civ. P. 56(c)(2) makes clear that evidence supporting the facts set forth by a plaintiff to defeat a summary judgment challenge must be admissible at trial. Fed. R. Evid. 802 prohibits the use of hearsay evidence at trial. Fed. R. Evid. 801(c) defines hearsay as a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers to prove the truth of the matter asserted in the statement. The statements in the Incident Report about Mr. Le's assault, and any

statements in the Other Reports about another potential assault constitute double hearsay. *See* Fed. R. Evid. 805 (providing that "[h]earsay within hearsay" is excluded by the rule against hearsay unless an exception applies). Even if the reports themselves could be shown to be business records, there must still be a separate exception to the hearsay rule or a non-hearsay purpose to the statements contained therein. *See id.* No such exception applies here. *See United States v. Morlang*, 531 F.2d 183, 190 (4th Cir.1975) ("[P]rior unsworn statements of a witness are mere hearsay and are, as such, generally inadmissible as affirmative proof.").[10]

Accordingly, the only admissible evidence before this Court is that Defendant did not have notice of the assailant until 12:33 p.m., the same minute that Plaintiffs were assaulted. (J.A. 000002, 000005). *See Veytsman*, 170 Md. App. at 117, 906 A.2d at 1035. It is also undisputed that the security officer walked to the ballroom area at 12:35 p.m., encountered the assailant, and escorted him off the premises. (J.A. 000002, 000005). Therefore, there was no delay between the time when Defendant learned of Mr. Rasson's assault and when it took action to escort the assailant out of the building. *See Corinaldi*, 162 Md. App. at 224, 873 A.2d at 492; *Todd*, 373 Md. at 168, 816 A.2d at 941. Even considering all evidence in the light most favorable to the Plaintiffs, no reasonable jury could find that Defendant had prior knowledge of the assailant making the assault on Plaintiffs foreseeable or delayed in acting to prevent the harm. Accordingly, Defendant does not owe a duty to Plaintiffs under this theory.

Because Plaintiffs do not have admissible evidence from which a reasonable jury could find that Defendant owed them a duty to prevent the assault on the Plaintiffs, Plaintiffs' negligence claim fails, and Defendant is entitled to summary judgment.

---

[10] To the extent that Defendant argues that the Other Reports do not establish that Defendant had notice making Plaintiffs' harm foreseeable, the Court agrees.

**IV.**    **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted**.**

A separate order will follow.


Dated:  September 16, 2022                              _____/s/_____
                                                        The Honorable Gina L. Simms
                                                        United States Magistrate Judge

14